## Kentucky Cardinal Coal Corporation v. S. E. Bennett, et al.

(Decided March 4, 1927.)

### Appeal from Bell Circuit Court.

Vendor and Purchaser—Deceased Husband's Deed Held Effective to Convey Later-Acquired Title, Giving His Wife, as Administratrix, Right to Payment on Termination of Action Involving Title.—

Where husband and wife gave deed of land, reciting pendency of suit involving title to part of land and intent to convey all title had or to be acquired, and where husband thereafter died, leaving will by which he devised his entire estate to his wife so long as she remained a widow, held purchaser was unwarranted in refusing to accept deed from wife on favorable termination of suit involving the title in dispute, on ground that she had only a defeasible fee, and could not convey good title; the prior deed by husband and wife being operative as complete conveyance, and payment only due.

LOW & BRYANT for appellant.

N. R. PATTERSON and JAMES H. JEFFRIES for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

S. E. Bennett, Jacob Howard and others had made and tendered to the Kentucky Cardinal Coal Corporation a deed to comply with a contract the coal corporation held against them. The coal corporation refused to accept the deed, and in this suit to compel them to do so, the court adjudged to Bennett, Howard and others the relief sought. The coal corporation has appealed from that judgment.

In November, 1917, Jacob Howard was the owner of a large boundary of land in Bell and Harlan counties on Puckett's creek and Cumberland river, holding it under a deed made him by the master commissioner of the Bell circuit court, which was of record in the commissioner's deed book No. 3, at page 49, of that county. About 160 acres of this land, which is referred to as the Kirby land, was then in dispute. In November, 1917, Howard and his wife made a deed to Samuel Bennett and W. M. Young, by which they conveyed to Bennett and Young, all of this land, supposed to be 1,240 acres, including the 160 acres known as the Kirby land. There was a suit then pending against Howard by Idress Watkins, et al., in which Watkins and others were asserting title to this Kirby land, and because of the pendency of that suit, Howard and wife inserted in the deed to Bennett and Young this provision:

"It is the intention and purpose of the parties of the first part to sell and convey to parties of the

second part, their heirs and assigns, all the land embraced in the boundary of land hereinafter set out to which the first parties have a good and sufficient title, and the first parties hereby bind and pledge themselves to use reasonable diligence to clear up and make good the title to all of said boundary of land that may now be in question, and convey same to the second parties, their heirs and assigns with covenant of general warranty.''

On September 22, 1920, Samuel Bennett and his wife and Young and his wife made a deed to the Kentucky Cardinal Coal Corporation by which they conveyed to it the whole of this land, and as the title to the Kirby land was still unsettled, they inserted in their deed this provision:

''It is the intention and purpose of the parties of the first part to sell and convey to the party of the second part, its successors and assigns all the land embraced in the boundary of land hereinafter set out to which the first parties have good title and may acquire a good title, but it is understood and agreed by the parties hereto that the first parties do not at this time have a clear title to what is known as the Kirby tract of land, which is in litigation in the suit of Idress Watkins, &c. v. John W. Daniels & Co., pending in the Bell circuit court, and which contains about 160 acres, and the first parties hereby bind and obligate themselves to use reasonable diligence to clear up and make good the title to the said Kirby tract of land and to convey same to the second party, but it is understood that the said acreage in the Kirby tract of land is not considered in the estimated acreage of 1,429.8 acres, but when good and sufficient title is acquired by the first party and conveyed to the second party it agrees to take and pay for same at the rate of $100.00 per acre, one-third to be cash, one-third to be paid in one year and one-third to be paid in two years.''

In April, 1921, this land in the meantime having been surveyed, the said Bennett and Young and their wives, executed a second deed to the coal corporation for the purpose of embodying in the deed a correct description of the land by metes and bounds, this Kirby land

was still in litigation, and in this deed Bennett and Young inserted this provision:

> "Under the provisions of deed of date Sept. 22nd, 1920, the first parties agree to use reasonable dilligence to secure a clear and unincumbered title to what is known as the Kirby tract of land, situated on the waters of Puckett creek in Bell and Harlan counties, Ky., and containing approximately 160 acres, and being the same tract of land now in litigation in an action in the Bell circuit court wherein Idress Watkins, &c., are plaintiffs and John W. Daniels, &c., are defendants, and when the first party shall procure a clear and unincumbered title to said land, they agree to convey same by deed of general warranty of title to second party, and the second party agrees to take and pay for said land at the rate of $100.00 per acre, one-third to be paid cash, one-third to be paid in one year, and one-third in two years."

The litigation relative to this Kirby land reached this court, and was decided in favor of Howard. See Howard v. Watkins, et al., 211 Ky. 75, 276 S. W. 1075.

In the meantime, Bennett had died and had by his will devised his entire estate to his wife, S. E. Bennett, "so long as she shall remain a widow after my death and until she shall remarry." His will further provided that in the event of the remarriage of his widow, the devise to her of his entire estate "shall be void, and in lieu thereof she is given an annuity of $200.00 per month," and the remainder of his estate is devised and bequeathed to the testator's brothers and sisters and the brothers and sisters of his wife, and to the children of such of said brothers and sisters as may be dead. After the death of Samuel Bennett and after our decision in case of Howard v. Watkins, *supra,* the appellees here tendered to the coal corporation a deed conveying to it the Kirby tract of land. This deed was executed by the widow, S. E. Bennett, individually and as executrix of Samuel Bennett, by Wm. Young and his wife and by Jacob Howard, and demanded of the coal corporation the payment of the purchase money. The coal corporation refused to accept this deed, contending that under Samuel Bennett's will, S. E. Bennett had only a defeasible estate in her husband's property, which would terminate on her remarriage, and that the brothers and sisters of Samuel

Bennett and the brothers and sisters of his widow, S. E. Bennett would take the fee in Bennett's property upon her remarriage, or if she died without remarrying, that Samuel Bennett's heirs and devisees would be entitled to the estate, and that these heirs and devisees were necessary parties to this deed, and should join therein in order to pass a good, marketable title to this Kirby land.  When the coal corporation declined to accept the deed, this action was begun by W. M. Young, Jacob Howard and S. E. Bennett, individually and as the executrix of the estate of Samuel Bennett.  The coal corporation answered setting up the contention noted above.  The cause was then submitted to the court on the pleadings, and the court held that the defendant was bound to accept the deed tendered; that the brothers and sisters of the testator and the brothers and sisters of his widow were not necessary parties to the deed; that Samuel Bennett had never had any interest in this Kirby land except an equitable interest acquired under the deed from Howard, and that he, by the terms of the deeds of September 22, 1920, and April, 1921, had conveyed this equitable title to the defendant, and from that judgment the coal corporation has appealed.

After the execution of the deeds dated September 22. 1920, and April, 1921, Samuel Bennett had no further title or interest in these lands, legal or equitable, except only the lien for the unpaid purchase money due him, which purchase money should now be paid to his executrix, Mrs. S. E. Bennett.  We have given this case a careful examination and agree with the finding made by the trial court, except we do not decide that the deed made in November, 1917, invested Samuel Bennett with only the equitable title to this property. It gave him perhaps both the equitable and the legal title, and by his deeds to the coal corporation, he passed to it all the title he had to this property, and in that deed he gave to it a general warranty of title.  Such title as Bennett may have acquired to this Kirby land thereafter, passed to his grantees by operation of law. See Salyer's Gdn. v. Keeton, 214 Ky. 643, 283 S. W. 1015; Crider v. Kentenia-Catron Corporation, 214 Ky. 353, 283 S. W. 117.  Really nothing remains to be done except for the coal corporation to pay for this Kirby land at the price per acre stipulated in the deed to it.  This remaining purchase money is a mere chose in action, which Mrs. Bennett, as executrix of her

husband, has authority to receive and collect. There does not appear to us any good reason why the coal corporation should not accept this deed. The judgment of the trial court correctly required it to do so.

The clerk, in preparing this transcript, ignored section 9 of rule 3 of this court. The part ignored is:

"The index shall also show the page on which the instructions and all deeds, contracts and other exhibits may be found; and each deed, contract or other exhibit shall be indicated in the index, by the names of the grantor and grantee, of by some other brief description, sufficient to show what the paper is."

He also ignored section 17 of rule 3 by failing to indorse on the transcript the amount of his fee for making it. This court is very much occupied with attention to the work imposed upon it, and it has neither the time nor disposition to do the work that should be done by others, and clerks are requested to observe these rules, and to reduce to a minimum the extra work thus imposed on this court.

The judgment is affirmed.